IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| APRIL GILMORE-LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00408-DGK |
| | ) | |
| TOM VILSACK,[1] | ) | |
| SECRETARY, UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION IN LIMINE**

This employment case arises from the United States Department of Agriculture's ("USDA") failure to promote Plaintiff April Gilmore-Lee to the role of Chief of the Policy Administration Branch for Product Management ("Branch Chief") in the Kansas City, Missouri office. As a result, Plaintiff filed a five-count lawsuit against Defendants Tom Vilsack, Secretary of the USDA, and the United States of America, alleging claims for: (1) sex and race discrimination; (2) disability discrimination; (3) a racially hostile work environment; (4) a sexually hostile work environment; and (5) retaliation. Defendants deny these allegations.

The Court previously granted in part and denied in part Defendants' motion for summary judgment on all claims. ECF No. 37. The two remaining claims are Plaintiff's race and disability discrimination failure-to-promote claims. Now before the Court is Defendants' motion in limine. Mot., ECF No. 26. Plaintiff did not file an opposition.

For the reasons below, the motion is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

---

[1] Plaintiff initially filed this case against the then-Secretary Sonny Perdue. Tom Vilsack is now Secretary, so the Court lists him as the interested party.

## I. Defendant's request to exclude evidence related to claims that did not survive summary judgment is denied for lack of specificity.

In a three-sentence argument without citation to any law, Defendants seek to exclude all evidence related to claims that did not survive summary judgment. Mot. at l.

"Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony." *See Linstrom v. Quiktrip Corp.*, No. 4:19-cv-00454-DGK, 2020 WL 6140553, at *1 (W.D. Mo. Oct. 19, 2020) (citing *Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. Mar. 27, 2008)). Defendants' request suffers from this defect: Defendants never address specifically which evidence should be excluded; they broadly argue that evidence related to claims dismissed on summary judgment should be excluded. The Court cannot rule on such a broad and undefined request. It may very well be that some evidence that was relevant to a dismissed claim is also relevant to the remaining claims, so a blanket prohibition is inappropriate at this juncture.

Since Defendants' request lacks the required specificity for a motion in limine, this part of the motion is DENIED WITHOUT PREJUDICE. *See Kirk v. Schaeffler Grp. USA, Inc.* No. 3:13-cv-5032-DGK, 2016 WL 740300, at * 4 (W.D. Mo. Feb. 24, 2016).

## II. Plaintiff is precluded from introducing evidence or eliciting testimony related to the alleged harassment of Francisco Del Pozo and Pam Bollinger.

Defendants move to exclude any evidence related to the alleged harassment suffered by Francisco Del Pozo and Pam Bollinger at the USDA. Mot. at 2.

The two remaining claims concern Plaintiff not getting promoted to Branch Chief. Mr. Del Pozo and Ms. Bollinger allegedly suffered isolated incidents of harassment that were unrelated to this adverse employment action. Any evidence related to the harassment of Mr. Del Pozo and Ms. Bollinger is not relevant to Plaintiffs' claims because Plaintiff has not shown that they are

similarly situated to her or any other reason that their harassment raises an inference of discrimination for her claim. *See* Fed. R. Evid. 401. And even to the extent this evidence might have marginal relevance to Plaintiff's claims (which it does not), it is substantially outweighed by confusing the issues, unfair prejudice, and misleading the jury. *See* Fed. R. Evid. 403. Putting forth evidence about unrelated episodes of supposed harassment of other non-similarly situated employees may lead the jury to find for Plaintiff as a way to punish Defendants for past indiscretions that are unrelated to her discrete failure-to-promote claims.

This part of the motion is GRANTED.

### III. Plaintiff is precluded from eliciting expert opinion testimony.

Defendants argue that Plaintiff has not disclosed any experts as required by the Court's scheduling order and the Federal Rules of Civil Procedure. Mot. at 3.

Since Plaintiff has not disclosed any expert witnesses, Plaintiff is precluded from eliciting any expert testimony at trial. This part of the motion is GRANTED.

### IV. Plaintiff is precluded from introducing evidence, eliciting testimony, or making arguments about punitive damages.

Defendants argue that Plaintiff cannot be awarded punitive damages since this lawsuit is against the Government. Mot. at 2–3. Thus, Defendants argue that she should be precluded from introducing any evidence, eliciting testimony, and making arguments about punitive damages. *Id.*

Plaintiff cannot recover punitive damages on her disability and race discrimination claims since she has filed them against the Government. *Jackson v. DeJoy*, No. 22-CV-00376-SRB, 2022 WL 6250721, at *1 (W.D. Mo. Oct. 7, 2022); *Mills v. St. Louis Cnty. Gov't*, No. 4:17-CV-00257-PLC, 2017 WL 4778571, at *3 (E.D. Mo. Oct. 23, 2017). Accordingly, Plaintiff is precluded from introducing evidence or eliciting testimony regarding punitive damages. Plaintiff is also precluded

3

from making any arguments related to punitive damages, including references to the size of the Government or the need to deter them by "sending a message" to them.

This part of the motion is GRANTED.

**V.     Defendants' request to exclude evidence that does not meet the similarly-situated standard is taken under advisement.**

Defendants argue that the Court should preclude Plaintiff from introducing evidence or eliciting testimony about employees who she cannot show are "similarly situated in all relevant respects" to her. Mot. at 4.

While Defendants are correct that similarly-situated evidence requires a showing that the employee was "similarly situated in all relevant respects" to Plaintiff, *Stone v. McGraw Hill Fin., Inc.*, 856 F.3d 1168, 1174 (8th Cir. 2017), Defendants have not pointed to any specific evidence that Plaintiff purports to introduce that fails to meet that standard.

Thus, this issue is TAKEN UNDER ADVISEMENT. Defendants shall raise this issue with the Court—and out of the hearing of the jury—if and when it arises at trial.

## Conclusion

For the foregoing reasons, Defendants' motion in limine is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

**IT IS SO ORDERED.**

Date:  November 9, 2022               /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT